# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAHID QURESHI**, | : CIVIL ACTION NO. 1:08-CV-2281 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **ADMINISTRATIVE APPEALS OFFICE (AAO) OF THE BUREAU OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 16th day of April, 2009, upon consideration of plaintiff's motion (Doc. 7) to consolidate, wherein plaintiff requests to consolidate the above-captioned matter with his petition for a writ of habeas corpus (Civil Action No. 1:08-CV-2282, Doc. 1), filed in this court on December 19, 2008, and argues that the two actions name identical defendants, concern an identical factual scenario, and that "the legal questions 'turn on one another,'" (Doc. 7 at 2-3), and recognizing that separately-filed actions *may be* consolidated when they involve "a common question of law or fact," or when consolidation "may tend to avoid unnecessary costs or delay," FED. R. CIV. P. 42(a), and it appearing that the jurisdictional prerequisites underlying plaintiff's civil complaint, which alleges claims under 42 U.S.C. § 1983, are not the same as those underlying his petition for habeas corpus, which is brought pursuant to 28 U.S.C. § 2241, see Cella v. Togum Constructeur Ensemleier

en Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999) (advising that while consolidation may "result in a single unit of litigation, such an order does not create a single case for jurisdiction purposes"), and the court concluding that the requested consolidation would not further the interests of convenience or judicial economy, see id. ("[C]onsolidation is permitted as a matter of convenience and economy in administration."), it is hereby ORDERED that plaintiff's motion (Doc. 7) to consolidate is DENIED.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge