# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAHID QURESHI**, | : | CIVIL ACTION NO. 1:08-CV-2281 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ADMINISTRATIVE APPEALS OFFICE OF THE BUREAU OF UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, ROBERT P. WEIMANN, EVANGELIA A. KLAPAKIS, UNITED STATES IMMIGRATIONS & CUSTOMS ENFORCEMENT, and JAMES T. HAYES**, | : | |
| Defendants | : | |

## MEMORANDUM

This is a challenge under the Administrative Procedure Act ("APA") to a final agency decision issued by the Administrative Appeals Office of the Bureau of United States Citizenship and Immigration Services. Plaintiff Shahid Qureshi ("Qureshi") claims that the agency abused its discretion when it denied his request to adjust his status from that of "alien" to "lawful permanent resident." Qureshi also seeks specific performance of a contract under the Judiciary Act of 1789. Defendants the Administrative Appeals Office of the Bureau of United States Citizenship and Immigration Services, the United States Citizenship and Immigration Service, Robert P. Weimann, Evangelia A. Klapakis, the United States

Immigration and Customs Enforcement, and James T. Hayes (collectively "the government") have moved to dismiss the complaint for lack of subject matter jurisdiction. (Doc. 4.) For the reasons that follow, the motion will be granted in part and denied in part.

I.  **Statement of Facts**[1]

Qureshi is a native and citizen of Pakistan who first entered the United States on March 13, 1974. (Doc. 1 ¶ 10.) At that time, Qureshi was employed as a crewman and his initial entry was legal. (Id.) Qureshi's authorized residency period lapsed on March 25, 1974, after which he was placed into deportation proceedings. (Id. ¶¶ 10-11.) In 1979, Qureshi married an American citizen, (id. ¶¶ 11-16), and in 1980, he applied for an immigrant visa based upon this union, (id. ¶ 17). Qureshi's application was still pending when he was arrested for possession of heroin in January 1986. (Id. ¶ 21.) Before he was charged, however, Qureshi claims that he negotiated a deal with officials of the Immigration and Naturalization Service[2] ("INS"), and the Drug Enforcement Agency ("DEA"). (See

---

[1] In accordance with the standard of review for a motion to dismiss under Rule 12(b)(1), the court will present the facts as alleged in the complaint, as well as the record of the case and matters of public record. See infra Part II.

[2] The Immigration and Naturalization Service was abolished by statute in 2003. See 6 U.S.C. § 291. The agency's functions with respect to adjudicating immigrant visa petitions, naturalization petitions, asylum and refugee applications, and adjudications performed at immigrant service centers were absorbed by the newly-created United States Citizenship and Immigration Service. See 6 U.S.C. § 271.

2

id. ¶¶ 114-15; id., Exs. 1-4.)  Representatives of these agencies purportedly promised that they would assist Qureshi in obtaining a green card in exchange for information regarding "a huge hashish smuggling ring."  (Id. ¶ 114; see id., Ex. 1-4.)  Qureshi maintains that he provided DEA with the required information, but government officials thereafter failed to fulfill their promises to provide Qureshi with assistance in his pursuit of lawful permanent resident status.  (Id. ¶¶ 117-19.)

In March 1991, Qureshi was placed into exclusion proceedings by the United States Citizenship and Immigration Service ("USCIS").  Two years later, an Immigration Judge ("IJ") ruled that Qureshi was excludable for lacking proper entry documents and by virtue of his prior involvement in drug trafficking activity.  (Id., Ex. 5.)  On September 23, 1993, a second IJ denied Qureshi's application for asylum and withholding of deportation, found Qureshi excludable, and ordered him to be removed from the United States.  (Id., Ex. 6.)  Qureshi appealed the order of deportation to the to the Board of Immigration Appeals ("BIA"), which reversed the IJ's findings with respect to Qureshi's excludability based on his involvement in trafficking narcotics.[3]  (Id., Ex. 7.)

---

[3] The BIA found that the government did not establish Qureshi's involvement with drug trafficking and therefore could not exclude him solely on that basis.  The Board stated, "While it is true that the consular or immigration officer need only have a 'reason to believe' that the applicant is or has been a knowing assistor in the illicit trafficking of a controlled substance, this reason to believe must be supported by evidence produced at the exclusion hearing. . . . [W]e must agree with the applicant that this ground of excludability has not been established."  (Doc. 5, Ex. A at 3.)

Qureshi continued to reside in the United States as an alien for the next nine years. On June 4, 2002, Qureshi filed an application to adjust status[4] in order to acquire lawful permanent resident status. (Id. ¶ 72.) The application was filed pursuant to § 245A of the Immigration and Nationality Act ("INA"). (Id., Ex. 8.) On November 26, 2004, USCIS denied Qureshi's application. (Id., Ex. 10.) Qureshi appealed this decision to the Administrative Appeals Office of the Bureau of United States Citizenship & Immigration Services ("AAO") and, on June 20, 2008, the AAO affirmed USCIS's ruling. (Id., Ex. 11.) Qureshi subsequently appealed the AAO's decision to the Third Circuit Court of Appeals. (Id. ¶ 35.) On August 28, 2008, the Third Circuit dismissed Qureshi's petition for lack of subject matter jurisdiction, holding that the application to adjust status was unreviewable in federal court because it was not accompanied by a final removal order, as required by 8 U.S.C. § 1252(a). (See id., Ex. 12.)

Qureshi commenced the instant suit by filing a complaint on December 19, 2008. (Doc. 1.) He asserts that USCIS abused its discretion by denying his application to adjust status, and that the AAO abused its discretion by affirming USCIS's decision. (Id. ¶¶ 38-43.) In addition, Qureshi brings a claim in equity, seeking specific performance of an oral contract into which he allegedly entered with USCIS and the United States Immigration and Customs Enforcement

---

[4] The application to adjust status is form I-485 of the Legal Immigrant Family Equity Act ("LIFE Act"). See 8 U.S.C. § 1101.

("USICE").[5] (Id. ¶¶ 114-19.) Specifically, Qureshi claims that USICE promised him a green card if he cooperated with the Drug Enforcement Agency ("DEA") by providing information regarding drug trafficking. (Id.) Qureshi claims that in spite of the cooperation he provided, assistance from USCIE never materialized. (Id. ¶ 118.) On March 2, 2009, the government filed a motion to dismiss for lack of subject matter jurisdiction.[6] (Doc. 4.) The motion has been fully briefed and is ripe for disposition.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case. See Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); see also Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.

---

[5] Qureshi contends that USCIS and USICE, both of which assumed many of the responsibilities formerly assigned to INS, are "predecessor[s] [sic] in interest" to INS, and are therefore obliged to discharge the contract purportedly entered into by Qureshi and INS. (See Doc. 1 ¶ 114.)

[6] The government's motion requests dismissal of the entire complaint, but presents specific arguments for dismissal only with respect to Qureshi's first two counts. (See Doc. 4.) However, because the court has an obligation to establish subject matter jurisdiction *sua sponte*, the jurisdictional basis of each count will be addressed. See Shaffer v. GTE North, Inc., 296 F.3d 500, 502 (3d Cir. 2002).

5

1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

Motions under Rule 12(b)(1) may take one of two forms. A "facial" attack "contests the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 187-88 (3d Cir. 2006)). The court assumes the veracity of the allegations in the complaint but must examine the pleadings to ascertain whether they present an action within the court's jurisdiction. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. Empire Kosher Poultry, Inc. v. United Food & Commercial Workers Health & Welfare Fund of Ne. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003); see also Kehr Packages, 926 F.2d at 1408-09. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction. Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed

6

allegations because "the trial court's . . . very power to hear the case" is at issue. Mortensen, 549 F.2d at 891; see also Atkinson, 473 F.3d at 514. In the motion *sub judice*, the government presents a facial attack on the court's subject matter jurisdiction; the court will analyze its claims accordingly.

## III. Discussion

Qureshi's complaint contains three counts purportedly entitling him to relief. (See Doc. 1.) In the first two, he alleges that the AAO abused its discretion in affirming USCIS's denial of his application to adjust status. (Id. ¶¶ 38-40, 78-80.) Qureshi seeks review of the AAO's decision pursuant to § 704 of the APA. See 5 U.S.C. § 704. The third count alleges that USICE breached a contract it entered with Qureshi when it failed to assist him in obtaining a green card after he supplied the government with information regarding drug trafficking. (See Doc. 1 ¶¶ 115-18.) Qureshi requests specific performance of the contract and maintains that the court has jurisdiction pursuant to 28 U.S.C. § 1331. (Id. ¶¶ 88-89.)

### A. Denial of the Application to Adjust Status

The APA allows federal courts to review "final agency action for which there is no other adequate remedy." 5 U.S.C. § 704. Final agency decisions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" may be set aside or held unlawful. § 706(2)(A); see also § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the statute, is entitled to judicial review

7

thereof."). However, the APA also states that "[n]othing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." Id.; see also A.O. Smith Corp. v. Fed. Trade Comm'n, 530 F.2d 515, 521 (3d Cir. 1976) (stating that "a person aggrieved by final agency action may [seek relief in] federal court so long as . . . no statute precludes such relief").

In the instant matter, Qureshi claims that § 702 of the APA entitles him to judicial review of the AAO's denial of his application to adjust status. (See Doc. 1 ¶¶ 36-37.) The government argues that Qureshi's adjustment of status application is governed exclusively by § 245A of the INA, 8 U.S.C. § 1255a(f)(4), which precludes federal court review of an agency's decision on an adjustment of status application. (See Doc. 4 ¶ 5.) The government therefore contends that the court is without jurisdiction to entertain Qureshi's complaint. (See id.)

Section 245A of the INA provides a mechanism by which an alien illegally residing in the United States may seek adjustment of his or her status to that of lawful permanent resident provided that certain requirements are met. See § 1255a(a). The statute sets forth a clear—and exclusive—process of administrative and judicial review in the event one's application is denied. See § 1255a(f)(1) (describing administrative appeals procedure and declaring that "[t]here shall be no administrative or judicial review . . . under this section except in accordance with this subsection"). In order to obtain federal court review of an adverse adjustment

8

of status determination rendered by the AAO, an applicant must appeal the AAO's decision along with a final order of deportation. See § 1255a(f)(4).[7] Quite simply, federal courts lack jurisdiction to entertain an aggrieved applicant's appeal of an adjustment of status decision that is unaccompanied by a final order of removal. Reno v. Catholic Soc. Servs., 509 U.S. 43, 54 (1993) (explaining that the judicial review procedure mandated by § 1255a is the exclusive mechanism by which courts acquire jurisdiction over applications for adjustment of status).

In spite of the clear statutory language to the contrary, Qureshi urges the court to assume jurisdiction under the APA because he has no other adequate remedy at law. (See Doc. 6 at 3.) Although the APA typically permits judicial review of final agency decisions when there is no other administrative remedy, see § 704, the statute clearly states that when another statutory provision forecloses relief, judicial review under the APA is prohibited. See § 702; Cunningham v. R.R. Ret. Bd., 392 F.3d 567, 578 (3d Cir. 2004) (holding court could not review decisions of the Railroad Retirement Board under the APA because Railway Unemployment

---

[7] Prior to enactment of the REAL ID Act in 2005, federal district courts had jurisdiction to review final orders of deportation under the INA. See Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208, § 306(d) (1996) (codified at 8 U.S.C. § 1252 and amended in 2005). The REAL ID Act strips district courts of this power and vests the power of judicial review of final orders for deportation exclusively in the courts of appeals. See 8 U.S.C. § 1252(g). Thus, even if Qureshi's application were accompanied by a final order of removal, jurisdiction would not lie in the district court. See id.; Khouzam v. Attorney Gen., 549 F.3d 235, 246 (3d Cir. 2008).

9

Insurance Act created an exclusive manner for review of Board decisions). Section 245A of the INA unambiguously prohibits judicial review of agency decisions except in conjunction with a final order of removal. See 8 U.S.C. § 1255a(f); 5 U.S.C.§ 702; Reno, 509 U.S. at 54. Because Qureshi does not present his claim along with such an order, agency review under the APA is foreclosed. Accordingly, the motion to dismiss (Doc. 4) counts one and two of the complaint will be granted, and leave to amend will be denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (observing that the district court may exercise its discretion to dismiss a claim with prejudice when leave to amend would be futile).

### B. Contract Claim for Specific Performance

Count three[8] of the complaint requests specific performance of a contract purportedly entered between Qureshi and USICE, whereby USICE allegedly promised Qureshi a green card in exchange for his provision of drug trafficking information. (See Doc. 1 ¶¶ 115-18.) Qureshi claims that jurisdiction is proper pursuant to the court's federal question jurisdiction because "[t]his action involves questions of federal law under the [INA]." (Id. ¶ 88.) Section 1331 of Title 28 provides that district courts possess jurisdiction over matters arising under the Constitution, federal laws, or treaties of the United States. See 28 U.S.C. § 1331. Contrary to Qureshi's arguments, however, his contract claim arises not from

---

[8] Qureshi's third count limits its allegations to the following defendants: USCIS, Evangelia A. Klapakis, USICE, and James T. Hayes.

provisions of the INA, but from an alleged breach of contract between Qureshi and certain government officials. (See Doc. 1 ¶¶ 111-19.) Nonetheless, the district court has original jurisdiction over civil actions or claims levied "against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). Qureshi alleges the existence of an oral contract and, in the face of this contention, the government's motion to dismiss is silent. The government simply does not address the application of § 1346(a)(2) and the jurisdictional prerequisites contained therein. Accordingly, the court will permit Qureshi's claim to proceed.

## IV. Conclusion

For the foregoing reasons, the government's motion to dismiss (Doc. 4) Qureshi's complaint (Doc. 1) will be granted in part and denied in part.

An appropriate order will issue.

                               S/ Christopher C. Conner
                               CHRISTOPHER C. CONNER
                               United States District Judge

Dated:        July 9, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAHID QURESHI**, | : | CIVIL ACTION NO. 1:08-CV-2281 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ADMINISTRATIVE APPEALS OFFICE OF THE BUREAU OF UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, ROBERT P. WEIMANN, EVANGELIA A. KLAPAKIS, UNITED STATES IMMIGRATIONS & CUSTOMS ENFORCEMENT, and JAMES T. HAYES**, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 9th day of July, 2009, upon consideration of the motion to dismiss (Doc. 4) the complaint, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 4) to dismiss is GRANTED in part and DENIED in part as follows:

    a. The motion (Doc. 4) is GRANTED with respect to Counts I and II of the complaint (Doc. 1). Leave to amend is DENIED. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that dismissal with prejudice is warranted when amendment is futile).

    b. The motion (Doc. 4) is DENIED in all other respects.

2. Defendants the Administrative Appeals Office of the Bureau of United States Citizenship and Immigration Services and Robert P. Weimann are hereby TERMINATED from this matter.

3. A pretrial and trial schedule shall issue by future order of court.

                                              S/ Christopher C. Conner  
                                              CHRISTOPHER C. CONNER  
                                              United States District Judge