# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAHID QURESHI**, | : CIVIL ACTION NO. 1:08-CV-2281 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **EVANGELIA A. KLAPAKIS, UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT**, and **JAMES T. HAYES**, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 9th day of November, 2009, upon consideration of plaintiff's motion (Doc. 14) for reconsideration of the order of court (Doc. 11) dated July 9, 2009, wherein the court dismissed plaintiff's claims seeking judicial review of agency decisions denying his application to adjust status, but deferred ruling on plaintiff's request for specific performance of a contract purportedly entered between plaintiff and federal officials, and it appearing that plaintiff takes umbrage with the court's observation that plaintiff's "contract claim arises not from provisions of the [Immigration and Naturalization Act], but from an alleged breach of contract between Qureshi and certain government officials," (id. at 10-11), and that plaintiff's request for specific performance therefore arises under 28 U.S.C. § 1346(a)(2), (see id.), and it further appearing that plaintiff seeks an exercise of the court's general federal question jurisdiction pursuant to 28 U.S.C. § 1331, (see Doc. 14), but that the reasons underlying this request identify no manifest errors of law

or fact in the challenged order, and that plaintiff presents no new evidence for the court's review, see Harsco Corp. v. Zlotniki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."), it is hereby ORDERED that the motion (Doc. 14) for reconsideration is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge