# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAHID QURESHI**, | CIVIL ACTION NO. 1:08-CV-2281 |
| Plaintiff | (Judge Conner) |
| v. | |
| **UNITED STATES CITIZENSHIP & IMMIGRATION SERVICE, EVANGELIA A. KLAPAKIS, UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT**, and **JAMES T. HAYES**, | |
| Defendants | |

## MEMORANDUM

Plaintiff Shahid Qureshi ("Qureshi") brings this contract claim against defendants the United States Citizenship and Immigration Service ("USCIS"), Evangelia A. Klapakis, United States Immigration and Customs Enforcement ("USICE"), and James T. Hayes (collectively, "the government"). Qureshi seeks specific performance of an oral contract, into which he allegedly entered with agents of the Drug Enforcement Agency ("DEA") and the Immigration and Naturalization Service ("INS").[1] By order of court (Doc. 11) dated July 9, 2009, counts one and two of Qureshi's complaint were dismissed. The government has

---

[1] The Immigration and Naturalization Service was abolished by statute in 2003. 6 U.S.C. § 291. The agency's functions with respect to adjudicating immigrant visa petitions, naturalization petitions, asylum and refugee applications, and adjudications performed at immigrant service centers were absorbed by the newly-created USCIS. See 6 U.S.C. § 271.

now moved to dismiss the final count of Qureshi's complaint for lack of subject matter jurisdiction. (Doc. 12.) For the reasons that follow, the motion will be granted.

I. **Statement of Facts**[2]

Qureshi is a native and citizen of Pakistan who first entered the United States on March 13, 1974. (Doc. 1 ¶ 10.) At that time, Qureshi was employed as a crewman and his initial entry was legal. (Id.) Qureshi's authorized residency period lapsed on March 25, 1974, after which he was placed into deportation proceedings. (Id. ¶¶ 10-11.) In 1979, Qureshi married an American citizen, (id. ¶¶ 11-16), and in 1980, he applied for an immigrant visa based upon this union, (id. ¶ 17). Qureshi's application was still pending when he was arrested for possession of heroin in January 1986. (Id. ¶ 21.)

Qureshi claims that over two years later, in September 1988, he approached an officer of the Department of Justice in Brunswick, Georgia, and offered to provide information concerning a shipment of hashish headed for United States soil. (Id. ¶ 102.) In exchange, Qureshi allegedly requested assistance in obtaining lawful permanent residence status. (Id. ¶¶ 102, 114.) Qureshi contends that agents of the DEA utilized the information he provided to seize 400 kilograms of hashish.

---

[2] In accordance with the standard of review for a motion to dismiss under Rule 12(b)(1), the court will present the facts as alleged in the complaint, as well as the record of the case and matters of public record. See infra Part II.

(Id. ¶ 103.) DEA and INS officials then arranged a meeting with Qureshi, where they purportedly promised him that he would be provided a green card, granted lawful permanent residence status, and could remain in the United States. (Id. ¶ 104.) Qureshi maintains that government officials failed to fulfill their promises, and he was placed into exclusion proceedings in March 1991. (Id. ¶¶ 117-19.) Qureshi presently remains an alien subject to exclusion in spite of his numerous attempts to obtain lawful permanent residency through administrative and judicial processes.[3]

Qureshi commenced this suit by filing a complaint on December 19, 2008. (Doc. 1.) He brings the instant contract claim in equity, requesting specific performance of the oral agreement into which he allegedly entered with the DEA

---

[3] Qureshi's efforts are set forth in more detail in the memorandum and order of court (Doc. 11) dated July 9, 2009. In addition to the various administrative remedies which Qureshi has pursued, he has also sought relief in the Third Circuit Court of Appeals, see Qureshi v. Attorney Gen., Civ. A. No. 08-3128 (3d Cir. Aug. 28, 2008), and in this court via petition for habeas corpus, see Qureshi v. Admin. Appeals Office of the Bureau of United States Citizenship & Immigration Servs., Civ. A. No. 1:08-CV-2282 (M.D. Pa.). Each of these efforts has been unsuccessful.

and INS.[4,5] On July 10, 2009, the government filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 12.) The motion has been fully briefed and is ripe for disposition.

## II.  **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case. See Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178

---

[4] Qureshi contends that USCIS and USICE are "predecessor[s] [sic] in interest" to INS, and are therefore obliged to discharge the contract purportedly entered into by Qureshi, DEA, and INS. (See Doc. 1 ¶ 114.) The court does not address this allegation, but assumes that it is true for purposes of this motion.

[5] In addition to the two United States agencies named as defendants herein, Qureshi has named Evangelia A. Klapakis, the Philadelphia district director of USCIS, and James T. Hayes, director of USCIS. Qureshi sues both individuals in their "representative capacity." (See Doc. 1 ¶¶ 84, 87.) Although the intended meaning of "representational capacity" is somewhat ambiguous, the court will construe Qureshi's pleading to state claims against Klapakis and Hayes in their official capacities. When a cause of action is directed against individual defendants, but the complained-of acts consist of actions taken by the defendants in their capacity as agents of the United States, the cause of action is one against the United States. Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989); Schiff v. Balas, Civ. A. No. 90-2007, 1991 WL 330204, at *1 (W.D. Pa. Oct. 2, 1991), aff'd, 961 F.2d 1568 (3d Cir. 1992); see also Brown v. Winkle, Civ. A. No. 08-6187, 2009 WL 2998137, at *1 (D.N.J. Sept. 15, 2009); Wheeler v. Baugh, No. 00-255, 2002 WL 373461, at *2 (W.D. Pa. Jan. 29, 2002).

4

(3d Cir. 2000); see also Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

Motions under Rule 12(b)(1) may take one of two forms. A "facial" attack "contests the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 187-88 (3d Cir. 2006)). The court assumes the veracity of the allegations in the complaint but must examine the pleadings to ascertain whether they present an action within the court's jurisdiction. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. Empire Kosher Poultry, Inc. v. United Food & Commercial Workers Health & Welfare Fund of Ne. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003); see also Kehr Packages, 926 F.2d at 1408-09. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside the court's jurisdiction. Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the

court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. Mortensen, 549 F.2d at 891; see also Atkinson, 473 F.3d at 514. In the motion *sub judice*, the government presents a facial attack on the court's subject matter jurisdiction; the court will analyze the contested claim accordingly.

### III. Discussion

A suit for specific performance, lodged against the federal government, "requires the specific consent of the sovereign." Bobula v. United States Dep't of Justice, 970 F.2d 854, 860 (Fed. Cir. 1992); see also Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687-88 (1949). "The only remedy to which the United States has consented in cases of breach of contract is to *the payment of money* damages." Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989) (emphasis in original); see also 28 U.S.C. § 1346(a)(1) (granting consent to suit for claims of $10,000 or less); 28 U.S.C. § 1491(a)(1) (granting consent to suit for claims in excess of $10,000). The government has not waived its immunity from suits seeking specific performance for breach of contract. Cf. 5 U.S.C. § 702; see also Sea-Land Serv., Inc. v. Brown, 600 F.2d 429, 432-33 (3d Cir. 1979). Thus, "federal courts do not have the power to order specific performance by the United States of its alleged contractual obligations." Miami Tribe of Okl. v. United States, 316 F. Supp. 2d 1035, 1040 (D. Kan. 2004) (quoting Coggeshall, 884 F.2d at 3), aff'd, 198 F. App'x 686 (10th Cir. 2006); see also Fla. Dep't of State v. Treasure Salvors, Inc. 458 U.S.

670, 688-89 (1982); Larson, 337 U.S. at 701-02; Chemung County v. Dole, 781 F.2d 963, 970 (2d Cir. 1986).

In the matter *sub judice*, Qureshi admits that his request is not a suit for monetary damages, (see Doc. 18 at 3), and clearly seeks specific performance of a contract.[6] The United States has not consented to such a suit. Therefore, the court is without jurisdiction to entertain Qureshi's cause of action, and the request for specific performance must be dismissed.

## IV. Conclusion

For the foregoing reasons, the government's motion (Doc. 12) to dismiss Qureshi's claim for specific performance will be granted.

An appropriate order follows.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:       March 31, 2010

---

[6] Of course, this assumes that Qureshi actually entered into a valid contract with agents of the DEA and INS. The court takes no position on whether a contract was formed between the parties.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAHID QURESHI**, | : | CIVIL ACTION NO. 1:08-CV-2281 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES CITIZENSHIP & IMMIGRATION SERVICE, EVANGELIA A. KLAPAKIS, UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT**, and **JAMES T. HAYES**, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 31st day of March, 2010, upon consideration of defendants' motion (Doc. 12) to dismiss, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 12) to dismiss is GRANTED. FED. R. CIV. P. 12(b)(1). Leave to amend is DENIED. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that dismissal with prejudice is warranted when amendment is futile).

2. The Clerk of Court is instructed to CLOSE this case.

                                                           S/ Christopher C. Conner
                                                    CHRISTOPHER C. CONNER
                                                    United States District Judge